IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. HUFF,

                         Petitioner,

  v.                                                       OPINION and ORDER

WARDEN MATTHEW MARSKE,                        21-cv-275-jdp

                        Respondent.

---

Petitioner James A. Huff seeks relief under 28 U.S.C. § 2241 following his 2015 conviction in the Central District of Illinois for possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

Huff pleaded guilty to possession with intent to distribute 5 grams of more of methamphetamine. Dkt. 1, at 1. Huff did not dispute that he had a prior Illinois drug conviction that, at the time, was deemed to be a serious drug felony under § 841(b)(1)(b). The charged drug quantity and the prior conviction put his sentencing range at ten years to life. Without the prior serious drug felony, his sentencing range would have been five to 40 years. The mandatory minimum also set his advisory sentencing guidelines range at ten years,[1] which suggests that without the statutory minimum his sentencing range would have been lower. The district court sentenced Huff to the mandatory minimum ten years, and Huff did not appeal. Dkt. 1, at 2.

Huff contends now that his Illinois drug conviction is not a "serious drug felony" under the categorical analysis called for in *Mathis v. United States*, 136 S. Ct. 2243 (2016), as shown

---

[1] Government's Sentencing Commentary at 1, *United States v. Huff*, No. 14-CR-30026-SEM-TSH-1 (C.D. Ill. Sept. 14, 2015), Dkt. 27.

by the Seventh Circuit's decision in *Najera-Rodriguez v. Barr*, 926 F.3d 343 (7th Cir. 2019). So, Huff contends, the district court applied the wrong statutory sentencing range and he is entitled to resentencing.

It appears that Huff would have a good argument on a direct appeal, but that argument would not have been available to him at the time of his conviction. It's not clear whether the alleged sentencing error would entitle Huff to relief on a collateral attack. I will order the government to respond to Huff's petition and I'll ask the Federal Defender to represent Huff so I can decide the matter with the benefit of full briefing.

Generally, a federal prisoner who wishes to collaterally attack his conviction or sentence must do so under 28 U.S.C. § 2255 in the district that convicted him. *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022). But, if a motion under § 2255 "is inadequate or ineffective to test the legality his detention," a district court may, in appropriate cases, grant him relief under § 2241. *See* 28 U.S.C. § 2255(e); *Mangine*, 39 F.4th at 447. The Seventh Circuit has adopted a three-part test to determine whether § 2255(e)'s "savings clause" applies: (1) the claim must rely on a statutory interpretation case; (2) the petitioner must not have been able to invoke that statutory interpretation case in a § 2255 motion and that case must apply retroactively; and (3) the error must be "grave enough to be deemed a miscarriage of justice." *See Mangine*, 39 F.4th at 447.

I expect the parties to brief all three prongs of the savings clause analysis, but the third prong is particularly problematic because most sentencing errors do not constitute a miscarriage of justice. Huff's case lies between two lines of cases that suggest different results.

One line of cases holds that an error that nevertheless results in a sentence within the correct statutory range is not a miscarriage of justice. A defendant incorrectly sentenced under

the advisory career offender guideline is not entitled to relief in a § 2255 motion. *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014). The reasoning in *Coleman* relies heavily on the sentencing judge's discretion to impose a sentence outside the advisory sentencing range. *Id*. But some language in *Coleman* suggests a broader principle: that unless the sentencing error results in a sentence that exceeds the correct statutory maximum, the error is not a miscarriage of justice. Specifically, *Coleman* reiterated an earlier holding that "in the context of postconviction proceedings, a sentence well below the ceiling imposed by Congress—whether directly in the statute or by delegation to the Sentencing Commission in the Guidelines—does not constitute a miscarriage of justice." *Id.* at 708 (citing *Hawkins v. United States*, 706 F.3d 820, 821–22 (7th Cir.), *opinion supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013)).

At least two district judges in the Seventh Circuit have applied this principle to statutory sentencing enhancements like Huff's. These courts have denied relief under the savings clause so long as the sentence imposed fell within the correct statutory sentencing range. *See Faulkner v. United States*, No. 1:20-CV-01339, 2021 WL 3074157, at *3 (C.D. Ill. July 20, 2021); *Fleming v. Entzel*, No. 20-CV-1059, 2020 WL 5881437, at *4 (C.D. Ill. Oct. 2, 2020); *see also United States v. Harris*, No. 3:18-CR-33 JD, 2022 WL 611587, at *4 (N.D. Ind. Mar. 1, 2022). Huff's ten-year sentence falls within the correct sentencing range—five to 40 years. So, following the logic of these cases, the error in Huff's sentencing cannot be a miscarriage of justice.

But another line of cases suggests a different result. Defendants who were sentenced under the career offender guideline—when the guidelines were mandatory—have been entitled to relief on collateral review. *See, e.g.*, *Navarez v. United States*, 674 F.3d 621, 628–29 (7th Cir. 2011). The movant in *Navarez* showed that, in light of a later Supreme Court decision, the

district court had erroneously determined him to be a career offender under the then-mandatory sentencing guidelines. *Id.* at 623–24. Thus, the movant argued that his 170-month sentence exceeded "that permitted by law and constitute[d] a miscarriage of justice." *Id.* at 623. The government countered that the movant's 170-month sentence was not a miscarriage of justice because it was within "the authorized 20-year statutory maximum for his crime." *Id.* at 629. The court rejected the government's argument partly because the district court's erroneously applied "then-*mandatory* § 4B1.1 career offender categorization . . . was the lodestar to its guidelines calculation." *Id.* (emphasis in original). The court held that the erroneously applied mandatory career offender guideline was a miscarriage of justice. *Id.* at 629. In this case, Huff's complaint is not merely about an error in the calculation of his advisory guideline range, but about the mandatory minimum sentence that the judge was compelled to impose. If Huff's statutorily enhanced sentencing range is like the mandatory guideline range in *Navarez*, Huff's sentence might be a miscarriage of justice that would entitle him to relief.

I may appoint counsel for a habeas petitioner if "the interests of justice so require" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the interests of justice require, courts generally consider whether the petitioner can obtain justice without an attorney in light of his ability and the difficulty of the case and whether he would have had a reasonable chance of winning with a lawyer at his side. *See e.g., Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). I am persuaded that appointing counsel for Huff will serve the interests of justice. Huff's claim is debatable and this case involves complex legal questions about applying 28 U.S.C. § 2255(e)'s "savings clause" and using the categorical approach to analyze Huff's drug conviction.

Huff still must show financial eligibility. He is incarcerated and the Federal Public Defender represented him for part of his underlying criminal case. So it is proper to appoint counsel at this time. *See* Admin. Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. 7, pt. A, § 210.40.30(b) (Any doubt about the petitioner's financial eligibility are resolved in his favor and erroneous determinations of eligibility may be corrected later). Upon entering an appearance, counsel must promptly file the appropriate financial affidavit.

ORDER

IT IS ORDERED that:

1. Counsel is appointed to represent petitioner. Counsel must promptly file the appropriate financial affidavit after entering an appearance.

2. By November 8, 2022, the respondent must file a response showing cause why I should not grant the petition. Respondent must accompany the response with all documents necessary to support it, including any records from the underlying criminal case.

3. Petitioner must file a reply by December 8, 2022.

Entered September 8, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge